IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Arthur Jones, Jr., ) | |
| ) | C/A No. 6:19-cv-03036-MBS |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| B.M. Antonelli, ) | |
| D. Henry, ) | |
| B. Germanski, ) | |
| C. McCoy, ) | |
| Correctional Counselor Blakely, ) | |
| K. Arens, ) | |
| T. Graves, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Arthur Jones, Jr. is a prisoner in custody of the Bureau of Prisons who currently is housed at the Federal Correctional Institution in Berlin, New Hampshire. Plaintiff brings this action pro se pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), for the alleged violation of his civil rights. ECF No. 18. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling. This matter is now before the court for review of the Magistrate Judge's Report and Recommendation.

## BACKGROUND

On October 28, 2019, Plaintiff filed a complaint alleging that Defendants had violated his constitutional rights by engaging in retaliatory conduct in violation of the First Amendment. Plaintiff alleges that Defendant Arens subjected him to sexual harassment during the administration of a strip search and that when he complained about the sexual harassment and

filed a formal grievance, Defendant Arens retaliated against him by issuing a fabricated incident report, which resulted in adverse action at the hands of Defendants, including Plaintiff's loss of use of the commissary and his transfer to a different, higher security facility located further from his family and home.  Plaintiff names Defendants in their individual capacity only and seeks monetary damages and injunctive relief in the form of an order directing Defendants to remove the incident report from his prison file.

In an order dated November 6, 2019, the Magistrate Judge directed Plaintiff to refile his complaint using the proper form.  ECF No. 7.  The Magistrate Judge advised Plaintiff that failure to bring the case into proper form within the time permitted may result in the court dismissing the case for failure to prosecute and failure to comply with a court order.  *Id.* at 1.  After Plaintiff brought his case into proper form, the Magistrate Judge issued a second order advising Plaintiff that the court would summarily dismiss the case if Plaintiff failed to correct certain deficiencies.  ECF No. 14.  The Magistrate Judge also denied Plaintiff's motion for appointment of counsel and for permission to engage in early discovery to identify the name of a Doe defendant.  ECF No. 15.  Plaintiff filed the operative complaint on December 30, 2019.  ECF No. 18.

On January 15, 2020, the Magistrate Judge issued a Report and Recommendation recommending summary dismissal of the complaint with prejudice.  ECF No. 24.  Pursuant to *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005), the Magistrate Judge advised Plaintiff of his right to file an objection to the Report and Recommendation.  ECF No. 24 at 14.  Plaintiff filed an objection to the Report and Recommendation on February 3, 2020.  ECF No. 26.

The Magistrate Judge makes only a recommendation to this court.  The recommendation

has no presumptive weight and the responsibility for making a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error.  *Diamond*, 416 F. 3d at 315; *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 77 (4th Cir. 1982).  The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).  The court has undertaken a de novo review of the record and, for the reasons discussed below, concurs in part with the recommendation of the Magistrate Judge.  The court finds that the First Amendment claim for retaliatory conduct may proceed as to the requested injunctive relief and is denied as to any requested monetary damages, and that the complaint is otherwise dismissed without prejudice.

## DISCUSSION

The Magistrate Judge recommends summary dismissal of the complaint on the basis that Plaintiff's claims are not cognizable under *Bivens*.[1]  The Magistrate Judge liberally construed Plaintiff's complaint as asserting violations of his First, Fourth, Fifth, and Eighth Amendment rights based on a strip search that Defendant Arens performed on Plaintiff while Plaintiff was housed at FCI Williamsburg and Defendants' allegedly retaliatory conduct directed at Plaintiff after Plaintiff initiated the administrative grievance procedure complaining of Defendant Arens and the strip search.  The Magistrate Judge engaged in a thorough review of the law discussing

---

[1] In *Bivens*, the Supreme Court allowed suit for money damages against federal officers in their individual capacities who committed constitutional violations under color of federal law.

3

the limitations of *Bivens* actions. He found as to the alleged violations of the First and Fourth Amendments that the allegations set forth in the complaint do not give rise to a recognized *Bivens* claim and that the circumstances of the allegations do not warrant extending *Bivens* here. The Magistrate Judge found as to the alleged violation of the Eighth Amendment that, to the extent the claim is permissible in the *Bivens* context, Plaintiff fails to allege either the deliberate indifference mens rea or physical injury necessary to state a claim. As to the alleged violation of the Fifth Amendment, the Magistrate Judge found that Plaintiff fails to state a claim because he has no recognized liberty or property interest in either the use of the commissary or placement at a specific prison facility.

Plaintiff filed an objection stating that his intention is to raise a violation of his First Amendment rights on the basis of Defendants' alleged retaliatory conduct only, that he has stated a claim for retaliatory conduct, and that the court should recognize the allegations as giving rise to a cognizable *Bivens* claim. ECF No. 26.

As an initial matter, and solely for the purpose of review under 28 U.S.C. § 1915, the court finds that the complaint states a First Amendment retaliation claim. *See Booker v South Carolina Department of Corrections*, 855 F.3d 533, 537 (4th Cir. 2017) (recognizing in the section 1983 context that a First Amendment retaliation claim "consists of three elements: (1) the plaintiff engaged in constitutionally protected First Amendment activity, (2) the defendant took an action that adversely affected that protected activity, and (3) there was a causal relationship between the plaintiff's protected activity and the defendant's conduct) (citing *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 686 (4th Cir. 2000)).

However, the court agrees with the Magistrate Judge's assessment that the allegations set forth in the complaint do not give rise to a recognized *Bivens* claim under the current state of

controlling law and that the circumstances of the lawsuit do not support extending the *Bivens* remedy here. *See Ziglar v. Abbasi*, --- U.S. ----, 137 S. Ct. 1843, (2017) (discussing the very limited scope of *Bivens* actions and instructing that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity") (citation omitted).[2] Accordingly, the court dismisses the complaint to the extent it seeks monetary damages.

The court notes though that Plaintiff also seeks injunctive relief in the form of an order directing Defendants to withdraw the incident report. A court may order injunctive relief against a federal agency in a "*Bivens* type" action. 5 U.S.C. § 702. *See Ross v. Meese,* 818 F.2d 1132, 1135 (4th Cir. 1987) (citing *Ex Parte Young*, 209 U.S. 123 (1908) (recognizing the remedy of injunctive relief for constitutional violations)). *See also Farmer v. Brennan,* 511 U.S. 825 (1994) (vacating and remanding the dismissal of a prisoner's nominal *Bivens* action wherein prisoner sought injunctive relief for violations of the Eighth Amendment); *Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1238-39 (10th Cir. 2005) (holding sovereign immunity does not bar inmate from suing Bureau of Prisons for injunctive relief because the Bureau is an agency within the meaning of the Administrative Procedures Act); *Washington v. Federal*

---

[2] In his objection, Plaintiff cites the court to *Mays v. Smith*, No. 5:18-CT-3186-FL, 2019 WL 958401, at *2 n.1 (E.D.N.C. Feb. 27, 2019), in which the court performing a frivolity review under 28 U.S.C. § 1915 assumed without deciding, solely for the purpose of the frivolity review, that the *Bivens* remedy extends to a claim for retaliation in violation of the First Amendment. That order did not undertake the special factors analysis set forth in *Ziglar*. *See Quinones-Cedeno v. Rickard*, No. 1:19-00064, 2019 WL 6869351 (S.D.W.Va. June 26, 2019) (discussing *Ziglar* and surveying Fourth Circuit and national law and recommending that the *Bivens* claim for retaliatory conduct be summarily dismissed), *recommendation adopted by* 2020 WL 3047366 (S.D.W.Va. June 8, 2020); *see also Kirtman v. Helbig*, No. 4:16-2839-AMQ, 2018 WL 3611344, at *3-5 (D.S.C. Jul. 17, 2018) (examining a *Bivens* claim premised on First Amendment retaliation and finding no justification for extending *Bivens* in light of the special factors analysis set forth in *Ziglar*). The Magistrate Judge addressed *Ziglar* and the special factors analysis in his finding that the court should not extend *Bivens* in this context and following its de novo review the court agrees with that finding.

*Bureau of Prisons*, No. 5:16-cv-03913-BHH-KDW, 2019 WL 2125246, at *8 (D.S.C. Jan. 3, 2019) (reviewing cases and finding weight of authority "seems to permit injunctive relief claims in *Bivens* actions), *recommendation adopted by* 2019 WL 1349516 (D.S.C. Mar. 26, 2019). However, Plaintiff cannot proceed with a claim for injunctive relief against the Bureau of Prisons here because he has sued Defendants in their individual capacity only.

The court hereby **ORDERS** that the complaint is summarily dismissed without prejudice as to all claims for monetary damages. The court grants Plaintiff 30 days to submit an amended complaint naming Defendants in their official capacity, should he wish to do so. Should Plaintiff so amend his complaint, the court will permit the action to proceed solely as to the violation of Plaintiff's First Amendment rights premised on Defendants' retaliatory conduct as alleged in the complaint and limited to the remedy of injunctive relief as described in the complaint. Should Plaintiff elect not to file an amended complaint within 30 days of the issuance of this Order, the court will dismiss this action in its entirety without prejudice.

## CONCLUSION

The court adopts the Report and Recommendation in part. Should Plaintiff file an amended complaint naming Defendants in their official capacity, the action shall proceed and service shall issue as to the sole claim for retaliatory conduct in violation of the First Amendment, as described herein. Plaintiff's complaint is otherwise dismissed without prejudice.

**IT IS SO ORDERED**.

/s/Margaret B. Seymour_____
Margaret B. Seymour
Senior United States District Judge

Dated: September 16, 2020
Charleston, South Carolina

6