IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Arthur Jones, Jr., | ) | Case No.: 6:19-3036-JD-KFM |
| | ) | |
|       Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| B.M. Antonelli, D. Henry, B. Germanski, | ) | |
| C. McCoy, Correctional Counselor Blakely, | ) | |
| K. Arens, and T. Graves, | ) | |
| | ) | |
|       Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Kevin F. McDonald ("Report and Recommendation" or "Report"), made in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Plaintiff Arthur Jones, Jr. ("Jones" or "Plaintiff"), a federal prisoner proceeding *pro se* and *in forma pauperis*, filed this lawsuit alleging violations of his First Amendment rights and seeking relief pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).[2] Jones, who is currently incarcerated at the Federal Correctional Institution Berlin ("FCI Berlin") in Berlin, New Hampshire, filed a second amended complaint against the defendants in their official capacities on October 16, 2020, seeking to have an incident report

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] In Bivens, the Supreme Court established a cause of action against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983. Harlow v. Fitzgerald, 457 U.S. 800, 814–20 (1982). Case law involving § 1983 claims is applicable in Bivens actions and vice versa. Id.; see also Osabutey v. Welch, 857 F.2d 220, 221–223 (4th Cir.1988).

1

expunged from his institutional record and that he be "immediately returned to a federal facility in South Carolina."[3] (DE 31.)

On December 17, 2020, the captioned defendants filed a motion to dismiss because the incident had been expunged from Jones's institutional record and, therefore, his claim is moot. (DE 39.) By order filed on December 18, 2020, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), Jones was advised of the motion to dismiss procedures and the possible consequences if he failed to respond adequately. (DE 40.) Jones filed a response and a motion for costs on January 11, 2021. (DE 43; 44.) The defendants filed a reply to their motion for summary judgment and a response to the Plaintiff's motion for costs on January 19, 2021. (DE 48; 49.)

For the reasons set forth below, the Court adopts the Report and Recommendation and grants the defendants' motion for summary judgment (DE 39) and denies Plaintiff's motion for costs (DE 44).

## BACKGROUND

A full recitation of Plaintiff's allegations is set forth in the Report and Recommendation, which the Court adopts. However, given the objection raised by Jones, and for the sake of brevity, the following simplification of facts is sufficient for the matters addressed herein. Jones alleges he was sexually harassed on two occasions during authorized strip searches, for which he filed grievances. Jones alleges that, in retaliation for filing the grievances, he was placed in the Special

---

[3] In Plaintiff's initial complaint, he sought money damages and to have an incident report expunged from his institutional record. Thereafter, the presiding District Court Judge dismissed Plaintiff's claims, which were brought against Defendants in their individual capacities, but noted that if the Plaintiff filed a second amended complaint naming defendants in their official capacities, "the court will permit the action to proceed solely as to the violation of Plaintiff's First Amendment rights premised on Defendant's retaliatory conduct as alleged in the complaint and limited to the remedy of injunctive relief as described in the complaint." (DE 28.) The second amended complaint then alleged violation of his First Amendment rights and seeking to have the incident report expunged from his institutional record and that he be "immediately returned to a federal facility in South Carolina." (DE 31.)

Housing Unit and later transferred to FCI Berlin, a high security facility, more than one thousand miles from his parents and in violation of his First Amendment rights. (DE 31.) The defendants contend that the Court lacks jurisdiction as the case is moot because the Bureau of Prisons ("BOP") has expunged the disciplinary requested by Jones in this action. (DE 39-1.)

## LEGAL STANDARD

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

## DISCUSSION

The Report issued on January 29, 2021, recommends that Jones's motion for costs be denied and defendants' motion for summary judgment be granted. (DE 51.) Jones filed an objection to the Report on February 23, 2021, contending the injunctive relief he seeks is the immediate return to a South Carolina federal facility, which he added in his second amendment complaint and, therefore, not moot. (DE 55.) The Court is not persuaded by this objection. The presiding District Court Judge permitted Jones to file a second amended complaint but

unequivocally limited the plaintiff to recovering "injunctive relief as described in the complaint." (DE 28, p. 6.) Moreover, the injunctive relief Jones sought at the time was "an order directing Defendants to withdraw the incident report." (DE 28, p. 5.) Accordingly, Jones is limited to recovering the injunctive relief that he set forth in the operative complaint at the time the order permitting him to file a second amended complaint was issued, which was that Officer Arens' incident report against him be expunged from his institutional record. (DE 18, p. 8.) The BOP has since complied with Jones's request. In the operative complaint, Jones discussed in detail that the defendants unconstitutionally retaliated against him by transferring him to New Hampshire, but he did not request a transfer back to South Carolina. Thus, based on the operative order's limitation, Jones is not entitled to a remedy that he did not timely request.[4]

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's motion for costs (DE 44) under Rule 54(d)(1) is denied, and

**IT IS FURTHER ORDERED** that the defendants' motion to dismiss for lack of subject matter jurisdiction (DE 39) is granted.

**IT IS SO ORDERED.**

s/Joseph Dawson, III

Joseph Dawson, III
United States District Judge

Greenville, South Carolina
August 12, 2021

---

[4] Jones also argued that this Court can order his transfer to a South Carolina facility. As the Report details, Jones did not offer any instances of courts ordering a transfer of an inmate to a particular facility in a Bivens action, and this Court declines to do so in this instance.

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.